Your Honor, Douglas Phelps for Mr. William Ortiz. Your Honor, this is a sentencing issue, as I'm sure the Court's aware, and it's our position that the Court committed a procedural error in the sentencing, primarily, I would say, in miscalculating the criminal history in the case that resulted in my client being set as a Category 4 rather than a Category 3. As a Category 4, the standard range would have been 121 to 151 months, and as a Category 3, it would have been 108 to 135 months. What did he get? Judge, in this case... Just a simple answer. She was in the Category 3 at the 108, Your Honor. He got 108. Yes. So that's at the low end of the range you say the judge should have used. That's correct, Your Honor. Is that yes or no? Yes, that is correct. Okay. So what's the beef? Well, here's the problem. And the problem is that we don't know what the Court would have done had the Court understood that the proper sentencing range would have been 108 to 135. So we don't know how, when the Court applied the 3553 sub-A categories, knowing that the proper range was 108 to 135, if at that point the district court judge would have said, okay, I'm going to go down to the range that would have been for a Category 2. Would the Court then, having that knowledge before them and understanding the proper range, the proper category range, how would that have affected the sentencing at that point? So because the Court procedurally started from an improper category, a higher standard range, at this point we would be unable to go back and recreate the thought process that went on in the district court judge's mind. Your argument depends upon ignoring the Idaho conviction because the judge there had retained some supervision over him to go through a program? Well, in part. Can I have a yes or no to that? Well, no. Certainly that is part of our argument. Our argument in part is that the Idaho statute would have, should have been counted as only one point because it was a suspended or stayed sentence and not an executed sentence at the point. The judge in Idaho retained jurisdiction while your client went through a program, which he flunked out of? No, that's not true. He didn't flunk out of it. What happened was, before he completed the program, the government arrested him. They took him into custody on the federal charges and brought him back to the State of Washington to face the federal charges. So he didn't fail the program. But he was serving the sentence while he was in the program, right? Well, I don't know that he's actually, the sentence is not imposed. The sentence is stayed. He's sent to the program. And the program was where? The program is in Cottonwood. And what is Cottonwood? Well, Cottonwood is, started out essentially as a boot camp program, but it's turned into a drug treatment program. Bottom line is he was not free to leave at any time that he was in Cottonwood, right? He wasn't free to walk home. No, he, what the judge stays, what the judge. He's confined. He's confined. And the state is confining him. And the state is confining him. Okay. It's a nicer place to go than perhaps the main penitentiary in Idaho, but he was clearly confined. Yes, and he's in a treatment program. What they do is the court imposes, stays the execution of the sentence. They send him to a program, which the Department of Corrections decides the length of the program. Oftentimes it's a treatment program. And that's what he was in was a treatment program. I think he pointed that out to the court. But he was removed from the treatment program and brought back to face the federal charges and then did not go back to that court to be sentenced until after the federal charges had been resolved. And sometime later he went back before Judge Gimler. I'm looking at both the Idaho provision, which is 19-2601, and also the federal guidelines, which is 4A1.2. And that's the one that you're trying to get the benefit of is the federal guidelines, is the way that we calculate the Idaho sentence. And A3 says that we don't account conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence. That's correct. Was your client's sentence totally suspended or stayed? I think that my client's, I believe that under the statute, my client's sentence was suspended, a suspended execution of judgment. Counsel, isn't it correct that at the time of the sentencing in the federal court, your client's sentence had not been acted upon by the Idaho judge? The Idaho judge had not said, I'm suspending the sentence. He was just in the program, and they hadn't completed it. Well, what happened was the judge had filed the execution, had filed the stay and sent him to the program. So he appeared before Judge Gimler prior to that time, and Judge Gimler said, I'm going to retain jurisdiction pursuant to the Idaho Code 19-2601 sub 4, and he sent him to the program. He was in that program working on the program when the federal government came and seized him and brought him to Washington to the Eastern District, where he was then charged and then sentenced. The whole issue here is whether that Idaho conviction counts in the criminal history. If the guidelines calculation is wrong, we would vacate and remand for resentencing. But even if the sentence was at the low end of a new range, the range has to be correctly determined. That's correct. That's the starting point. But if that Idaho conviction counts, there's no error. Well, the question is, what does it count for? I believe it should count only for one point and not three. They counted it for three points. It should only count for one point. Okay. Well, maybe we should let your colleague from the government make his argument on how much it counts for, and you can reserve a few minutes for him. That would be fine. Thank you, Your Honor. Okay. Good morning, Your Honors. Mr. Ahmed, getting to the heart of it. Yes, Your Honor. I think I'm correct that if the guidelines are calculated wrongly, we've got to start over. So it seems to come down to whether that conviction counted for one point or three. Yes, Your Honor. The government submits that there was no procedural error in this case. Specifically, the judge accurately found that it does count for three points. But interestingly, during the sentencing, the judge indicated that she would give the benefit to the defendant and actually found him to be a criminal history Category 3, and at the low end of that criminal history Category 3 imposed a sentence of 108 months. Which is at the low end of the range your opponent is arguing for. That's correct, Your Honor. If anything, the bottom, actually. Correct. If anybody was to allege error, it should be the United States, in the sense that the judge should have found that it was three points. But she didn't. She, in fact, said in the exact quote that she used was, I think there is an argument to be made that it would be a very close call to making you a three rather than a four. And then she gives him a three. And then she imposes a sentence at the low end of the 108-month range. Your Honor, based on that, the government submits that she did not commit a procedural error. The court did not commit any sort of substantive unreasonableness error. It was certainly sufficient punishment, but not too much. And she looked at all the factors under 3553 and carefully analyzed how the sentence would particularly relate to this defendant. She talked about his education, his background, his prior criminal history, and the need to protect the public. Now, getting back to the question Your Honor just asked me a minute ago about that particular conviction in Idaho, in that case the judge specifically sentenced the defendant to 1.5 years to four years in jail. And as the way I read the Idaho statute, I have never practiced in Idaho, but the way I read the statute, 19-2601, it states that the judge may suspend the execution of the judgment. That's how the statute starts. So my understanding is that up to 365 days, the judge can say, I'm going to keep an eye on you for the next 365 days. We're going to keep you at the local jail or at the local facility, and within that 365 days, if you've been good, I'll pull you back and I will suspend the execution of the judgment. That makes me think that actually the judgment is imposed and that he may suspend it based on what happens in the future. But the guidelines specifically talk about that sort of event. The judge has talked about that for a 1.2B, also for a 1.2A3. Sentence of an imprisonment means a sentence of incarceration refers to the maximum sentence imposed. And that's what the judge, that's what the PSIR reflected in this case, what was the maximum sentence imposed. Counsel, if I understand you correctly, so if he goes to a facility and he is not free to leave, isn't that the execution of the sentence? It's just that at some point within the 365 days, the judge can say, okay, you had enough, you're out. And what he's really doing is suspending the rest of the sentence. That's correct, Your Honor. Suspending the rest of the sentence. That doesn't qualify under the guidelines because the guidelines says it must be totally suspended. If he's gone and spent time in a facility, even if it's just a drug treatment facility where he's not free to leave, then his suspense has not been totally suspended. That's correct. In the defendant's brief, he keeps contending that the sentence was suspended. It didn't happen that way. The judge imposed a sentence, and basically the statute allows him up to 365 days, in this case specifically up to 180 days, that's what the judge said, that I'll pull you back if you've been good. I'm going to retain jurisdiction over you. He did not give him a probationary sentence. He did not suspend his sentence. He gave him a very specific sentence, and one and a half to four years is a three-point criminal history level right there. And so the judge accurately noted that it is three points. She did not sustain his objection to that, but she actually said, you know, I'm going to give you the benefit of the doubt. And I'll paraphrase what she said, but she did. She gave him the benefit of the doubt. She did it on a criminal history category three and offense level 29. If there are no questions about the court, I'll sit down. Any questions? Thank you very much, Mr. Armit. Thank you, Your Honor. Okay. Mr. Phelps, your rebuttal time. All right. Your Honor, United States v. Cardi, C-A-R-D-Y, 520 Fed 3rd, 984, at 993. It says, appellate review has determined whether the sentence is reasonable. Only a procedurally erroneous or subsequently unreasonable sentence will be set aside. And the issue here is that this was a procedurally erroneous sentence because the court started. But if he serves time in an Idaho facility, even though it's a drug treatment facility, his sentence hasn't been totally suspended, has it? Well, it is suspended because he goes, the court does not actually execute the sentence at that time. The court says, you have this opportunity to go to this program, and the Department of Corrections will supplement the pre-sentence investigation report upon your completion. And at that point, then the court decides what they're going to impose in terms of a sentence. There is a sentence that the court talks about in terms of if he doesn't do well with that program, what may be imposed. But it's not imposed. It's not executed until he has that opportunity to do well in the program. How can the sentence not be executed if the state hasn't freed him? He's not free to leave. How can the sentence not be imposed in some sense? Well, because the court doesn't execute it. They only state that this is what my sentence may be. Up through the first 365 days. But if you come up to 364 and the judge says, you've done well in the program, congratulations, you're free to go home, he got basically one day off. Well, so what essentially they're doing is they're using the carrot and stick approach. They're holding out the stick to this inmate. If you don't do well in the program, this is what very well could happen to you. Is the carrot dismissal of the charges? No, the carrot is that he'll come back and the court can retain jurisdiction and put him on probation, and then he'll go out into the community as a probationer into the community. Let's assume that is what happened in this case. It would still count, right? He would get credit for the time that he served. No, but in terms of sentencing and the federal sentencing guidelines, if that had happened, if he had completed the program, gone on probation, it would be a conviction for the purpose of criminal history points. Right. If he came back and completed the program and did well and he were at that point, then I would concede it would be three points at that point. But he never reached that, and he had not reached that at the point of sentencing. So it was essentially a stayed sentence or an unenforced sentence at that point. It had not been executed. I just want to follow up on a question that Judge Hawkins asked you, and I thought I understood the answer, but I want to make sure I got it right. Okay. If the judge says, you completed the program 180 days in, six months in, he says, good job, you're done with the program. Now, at that point, the judge can suspend the sentence at that point? Well, at that point, the court can impose a sentence, whatever the court wants, and the court can put him on probation, and he goes out into the community as a probationer. But the problem is, if he is going to be on probation, he's still going to have the conviction on his record. The conviction is not going to be suspended. If he had gone, if the government had not pulled him out of the program, brought him over, and put him to the trial or to plea on this, that very well could have been what occurred. He might also have failed the program, and the court might have brought him back and just sent him to prison. But we don't know because it never got to that point. He was pulled out of the program and brought back, and then after all that was done, I think he went back to Idaho and went back in front of Judge Gibler. But at the point that he was sentenced, I believe it had to be counted as one point. Okay. Well, I think I understand the argument. Any further questions? Very interesting case. Thank you both for your arguments. Have a safe trip back home.
judges: Hawkins, Gould, Bybee